COBB, Judge,
dissenting:
I do not agree that Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) grants the same right of privacy to minors as it did to adults. Roe did not involve a pregnant minor. In Planned Parenthood Association of Kansas City, Missouri, Inc. v. Ashcroft, 462 U.S. 476, 103 S.Ct. 2517, 76 L.Ed.2d 733 (1983), the United States Supreme Court upheld a Missouri statute which specifically required notification to the parent of a pregnant minor, albeit notification was not the issue in that case.[1]
I believe we should simply certify the trial court’s judgment for immediate resolution by the Florida Supreme Court, pursuant to Article V., section 3(b)(5), Florida Constitution, as urged by the Florida Attorney General. See also Fla.R.Civ.P. 9.125.

. Missouri Rev.Stat. § 188.028 (Supp 1982), subsection 2(2) provided:
(2) Copies of the petition and a notice of the date, time, and place of the hearing shall be personally served upon each parent, guardian or, if the minor’s parents are deceased and no guardian has been appointed, any other person standing in loco parentis of the minor listed in the petition by the sheriff or his deputy. If a parent or guardian or, if the minor’s parents are deceased and no guardian has been appointed, any other person standing in loco parentis cannot be personally served within two days after reasonable effort, the sheriff or his deputy shall give constructive notice to them by certified mail to their last known address, and the hearing shall not be held for at least forty-eight hours from the time of the mailing. In any case where there exists the potential or appearance of conflict of interests between the parents or guardian or next friend of the child and the child, the court shall appoint a guardian ad litem to defend the minor’s interest. The court shall set forth, for the record, the grounds for such appointment.